## Case No. 14,359.
### UNION BANK OF GEORGETOWN v. MACKALL.

[2 Cranch, C. C. 695.] [1]

Circuit Court, District of Columbia. May Term, 1826.

#### MASTER AND SERVANT—ACTION UPON BANK TELLER'S BOND—RECEIVING INVALID CHECK —AGREEMENT.

1. If the teller of a bank, according to the usage of banks, and of the plaintiffs' bank, receive as cash, the check of an individual of good credit upon another bank, in which it afterwards appeared that he had no funds, it is not necessary for his justification, that he should further show that it was done at the risk and responsibility, and by the authority of his bank, and not at his own risk; and if in taking such a check he did only what was usual in the ordinary course of the trade and business of banking, and the usage of banks in like circumstances, his so taking it was not a breach of the condition of his official bond, "to make good to the bank all damages which it should sustain through his unfaithfulness or want of care."

2. If the teller of a bank, after receiving, as cash, an invalid check upon another bank, consents to take it as his own, and look to the drawer of the check for payment of it, he cannot afterwards, without the consent of his bank, return the check and throw it upon them.

3. If the plaintiffs' teller, according to the usage of banks, has received, as cash, a check of an individual of good credit, upon another bank, and the check is not paid, and he agrees to take the debt upon himself, yet the plaintiffs cannot recover the amount in an action upon his official bond, the only breach assigned being the receipt of the check as cash.

Debt upon the official bond of [Leonard Mackall] the teller of the Union Bank of Georgetown, the condition of which was, that "he should faithfully perform all the duties assigned to him in said bank, and make good to the said bank all damages which the same shall sustain through his unfaithfulness or want of care." The only breach assigned was, that the defendant, as teller of the bank, received C. P. Beeding's check on the Bank of Columbia, for $405, which was not paid. The defence was, that Beeding was, at the time, in good credit, and that it was the usage of the banks in this District, and of the plaintiffs' own bank, to receive, as cash, the checks of individuals of good credit, upon other banks. Evidence was offered by the defendant, of such usage. And the plaintiffs offered evidence that the defendant had obtained an attachment in

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Montgomery county, in Maryland, in his own name, against Beeding, the drawer of the check; in order to obtain which, he made oath that Beeding was indebted to him in the amount of the check. But it appeared, also, that he first applied to the clerk of that county for an attachment, in the name of the bank, but was told by the clerk he could not get one, as teller, but he might obtain one in his own name; whereupon, he did so. Evidence was also offered by the plaintiffs, that the defendant, as teller, had received, as cash, the check of C. P. Beeding, upon the Bank of Columbia, for $405, which was not paid, the drawer having no funds there to meet it.

Whereupon, Mr. Key, for plaintiffs, prayed the court to instruct the jury "that the general usage of the tellers of banks, and of the Union Bank, given in evidence by the defendant, to take, as cash, checks of individuals, does not, of itself, though believed by the jury, bar the plaintiffs' right to recover; but the defendant must further show that the taking of such checks, as cash (which turned out to be bad), by the tellers, was an act done at the risk and responsibility, and by the authority, of the bank, and not at the risk of the teller."

Which instruction THE COURT (THRUSTON, Circuit Judge, contra) refused to give, but instructed them that if they should be of opinion, from the evidence, that the defendant, as teller of said bank, in receiving, as cash, the said check of the said Beeding, in manner aforesaid, did only what was usual in the ordinary course of trade and business of banking, and the usage of said banks, in like circumstances, it is not a breach of the condition of his said bond. See Russell v. Hankey, 6 Term R. 12.

Mr. Key, for plaintiffs, then prayed the court to instruct the jury, that if they believed, from the evidence, that the defendant, after taking the check in question, consented to take it upon himself, as his own, and look to Beeding for the payment of it, then the defendant could not, afterwards, without the consent of the bank, return the said check and throw it upon the plaintiffs.

Which instruction THE COURT gave; but, at the prayer of the defendant's counsel (Mr. Jones), further instructed them, that, if they should find, from the evidence, that the defendant brought the said suit in Montgomery county, upon which the plaintiffs rely, as evidence of the consent above imputed to the defendant, with the concurrence of the president of the bank, as agent, and for the advantage of the bank, and with an express understanding that it should not affect his liability as teller, for the receipt of the said check, and that, at the time when the said check was received, and when the said suit was brought, the said defendant was not bound to make good the said check to the plaintiffs, but had taken the same under the usage aforesaid, as sanctioned by the bank, then the circumstance of his so having treated the check as his own, does not entitle the plaintiffs to recover in this action.

The verdict and judgment were for the defendant. The plaintiffs took a bill of exceptions, but no writ of error was prosecuted.